Robert C. Black v. Delta Airlines, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-156-CV

     ROBERT C. BLACK,
                                                                         Appellant
     v.

     DELTA AIRLINES, INC., AL PEREZ,
     ABE HADDAD D/B/A SMITH TRAVEL
     & LIMOUSINE, MELISSA SHINN,
     MATTHEW (MAHMOOD) SAMEI D/B/A
     SMITH TRAVEL & LIMOUSINE AND
     D/B/A SMITH TRAVEL, AND
     AROUND THE GLOP, INC., D/B/A
     SMITH TRAVEL AND
     SMITH TRAVEL & LIMOUSINE,
                                                                         Appellees
 

From the 192nd District Court
Dallas County, Texas
Trial Court # 96-06320-K
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      This case is being reversed and remanded. With that I agree. But the only issue which we
needed to decide to reach that result is the question of whether Haddad is the agent for Delta. 
Black presented some evidence that Haddad is the agent of Delta. Accordingly the motions for
summary judgment of Delta and Perez must be reversed for a determination of that issue. 
Haddad’s motion must also be reversed because of the same issue and for the additional reason that
Black introduced some evidence from which it could be inferred that Haddad was the owner of the
unincorporated travel agency at the time that Black purchased the tickets.
      Once the issue of agency is determined on remand, many of the other issues purportedly
decided in this opinion will be advisory opinions because they will no longer be necessary to a
disposition of this case. The answer to the agency question will control the causes of action that
Black can assert and against whom, the nature of the damages that can be recovered (tort versus
contract


--general versus special


), what evidence can be considered against which defendants, and
a multitude of other “ripple effects” in the manner in which some of the issues presented in this
appeal should ultimately be decided.
      The majority gets trapped into attempting to resolve many of these issues prematurely because
this is a very complex area of the law and the parties have failed to appreciate the conflicts in the
various arguments they have made in their briefs. This problem is compounded because the briefs
of the parties have failed to clearly present what allegations were made in the alternative and the
consequences of “proving” one alternative or the other. On these briefs, and because on remand
there may be additional factual development that would assist us, I would not attempt to decide
whether Black’s claims for intentional misrepresentation (fraud) and negligent misrepresentation
are preempted by the Airline Deregulation Act. 
      Finally, because I believe any decision regarding the preemption issue to be premature, I
express only my reservations about the majority’s conclusion that the torts of fraud and negligent
misrepresentation are more similar to breach of contract claims than they are to consumer
protection statutes and therefore are not covered by the Airline Deregulation Act’s preemption of
efforts by the various states to regulate the airline industry.
      With these comments, I concur in the judgment.
 
                                                                               TOM GRAY
                                                                               Justice

Concurring opinion delivered and filed on January 30, 2002
Do not publish Ordered released for publication on June 26, 2003. See Tex. R. App. P. 47.3(d).



ze: 12pt">Affirmed
Opinion delivered and filed January 15, 1992
Do not publish